UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**Richard W. Comerford**
Plaintiff,

Vs.                                           Civil Action No.

**Army Board Correction Military Records ("ABCMR")**
Defendant,

## COMPLAINT

### I. INTRODUCTION

The instant action is related to Civil Action No. 99-11712-WGY. The United States is in violation of the 2002 purported settlement agreement of said case. This is an independent action. A proceeding that sounds in equity that and is made pursuant to Federal Rule of Civil Procedure 60(b) in order to prevent a grave miscarriage of justice. Plaintiff also seeks judicial review of the actions of the Secretary of the Army, the Army Board for Correction of Military Records ("ABCMR") and the Director of the ABCMR staff pursuant to the provisions of the Section 701, Title 5, United States Code (The Administrative Procedure Act or "APA") and Section 1558, Title 10, United States Code.

### II. JURISDICTION

This court posses subject matter jurisdiction to entertain this action under Section 701, Title 5, United States Code (the Administrative Procedure Act), and Section 1558, Title 10, United States Code.

### III. PARTIES

1. Plaintiff is a United States citizen who resides at 9 Speedwell Lane, Plymouth, Massachusetts. (Note: He has served in the armed forces of the United States and Massachusetts on active or Active Guard and Reserve ("AGR") duty from 1975 to present. In 1998 the U.S Army Department of Defense Inspector General ("IG") referred plaintiff, as a military whistleblower, to the Army Board for Correction of Military Records ("ABCMR"). Plaintiff submitted seven applications to the ABCMR. This honorable Court remanded plaintiff's case to the ABCMR in 1999, 2000 and 2002. The ABCMR has rejected all of plaintiff's requests for correction. In 2001 the ABCMR exceeded its authority. It made corrections that had not been requested by plaintiff and were not based on either the facts or the record. In 2003 the Director of the ABCMR staff exceeded his authority and made corrections that had not been approved by the Board or the Secretary of the Army ("Secretary"). Plaintiff has not been discharged from AGR duty.)

2. The Secretary is the duly appointed civilian head of the U.S. Department of the Army. The position is currently unfilled. The Acting Secretary is Mr. Les Brown. Under Section 1552, Title 10, United States Code the Secretary may approve corrections to a soldier's military record as recommended by the ABCMR.

3. Defendant ABCMR is a civilian board whose members are appointed by the Secretary. The ABCMR located at 1941 Jefferson Davis Highway in Arlington,

Virginia 22202-4508. Under statute (10 USC 1552) the ABCMR is charged with receiving applications from soldiers and making recommendations for correction of same to the Secretary.

4. Defendant Carl W. S. Chun is the director of staff for the ABCMR.

5. Defendant Rick A. Schweigert is the Chief, Congressional and Special Actions for the ABCMR.

## IV. VENUE

Venue is properly in this court by virtue of plaintiff's residence in the District of Massachusetts.

## V. FACTS

6. On or about 15 November 2001 the Secretary approved a decision of the ABCMR to correct plaintiff's military records pursuant to statute (10 USC 1552).

7. Under the above cited statute "a correction under this section is final and conclusive on all officers of the United States".

8. The November 2001 decision read in part: "Board also concludes the applicant may be credited all of his active service with the MAARNG, from 1984 until 1993, under an AGR status". It also recommended that plaintiff's service "be shown as AGR, creditable as active Federal Service".

9. The Board did not direct that plaintiff be issued a discharge certificate from AGR duty (DD Form 214) or that plaintiff be discharged from AGR duty. (Note: under U.S. Army Regulation 135-18 an officer serves on AGR duty initially for a three year period and for "indefinite" periods thereafter until he has reached 20-years and one month of federal service creditable towards retirement pursuant to statute (10 USC 3911) at which time he is reviewed for retention on AGR duty. If the soldier is selected for retention he continues, with periodic review, on AGR duty until he attains his maximum years of service. When the soldier has attained his maximum years; or when is has not selected for retention, he is separated from AGR duty and retired by issue of his discharge certificate.)

10. Under federal statute (10 USC 1168) and regulation (32 CFR 435) and Army Regulation (AR 135-175) a soldier cannot be separated from AGR duty until his DD Form 214 is "physically delivered" to him at the separation point on the effective day of separation or in an "emergency" mailed to him on the effective date of separation; or the Secretary of the Army has authorized administrative issue of said Form. In such case the Secretary's authorization and the administrative date of issue are recorded in Block 18, DD Form 214.

11. On or about 22 December 2003 defendants Chun and Schweigert exceeded their authority. They ignored the ABCMR November 2001 decision. In direct

contravention of said decision they unlawfully mailed to plaintiff his purported discharge certificate from active duty (DD Form 214). They did so without the knowledge or approval of the Board and the Secretary. (Note: The Secretary's authorization and the administrative date of issue did not appear in Block 18 of the DD Form 214.)

12. The Information in Block 18 of the purported DD Form 214 contradicted the November 2001 ABCMR decision. It read in part: "Active Duty from 01 August 1989 to 17 April 1994 under Title 32 USC 505 (ADT/ADSW).

13. In its November 2001 decision the ABCMR had found that plaintiff had served on AGR duty which was "creditable as active Federal service". Said duty is performed pursuant to statute 32 USC 502(f).

14. The above cited 2002 purported settlement agreement was reached only by committing fraud on the Court. The United States entered said agreement with Attorney Eric S. Maxwell. Said was not the attorney of record. He had not made an appearance. He had not been retained by plaintiff.

15. The above cited 2002 purported settlement agreement was also reached by administrative error. The Court had granted plaintiff's motion to precede pro se. The Court, after granting plaintiff's motion, did not provide him with notice of its orders. The United States after the Court approved plaintiff's motion did not provide plaintiff with service. Plaintiff was unaware of the purported settlement agreement.

## VI Prayer for Relief

WHEREFORE, plaintiff respectfully requests that this Honorable Court

(1) Issue a declaratory judgment that defendants Chun and Schweigert exceeded their authority and acted unlawfully and without the knowledge of the Board and the Secretary in directing the issue of plaintiff's purported DD Form 214 and by placing information that was contrary to the ABCMR November 2001 decision on said Form.

(2) Enter an injunction compelling the Secretary and the ABCMR to either a) amend block 18 of plaintiff purported DD Form 214 from "Active Duty from 01 August 1989 to 17 April 1994 under Title 32 USC 505 (ADT/ADSW)" to read "Active Guard and Reserve Duty from 2 October 1984 to 22 December 2003 under Title 32 USC 502 (f)"; or in the alternative to retain plaintiff on AGR duty until such time as the Secretary directs his discharge from AGR duty with all due process.

(3) Enter a judgment against defendants for plaintiff's costs plus reasonable legal fees.

(4) Grant such other and further relief, as it deems just and meet.

Respectfully submitted this 22nd day of July 2004 AD,

Richard W. Comerford Pro See
9 Speedwell Lane
Plymouth, Massachusetts 02360
(508) 888-0345